UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DARIEN TYE CORBETT,<br><br>　　　　　　Defendant. | Case No. 1:19-cr-0092-BLW<br><br>**REPORT AND RECOMMENDATION** |

On September 3, 2019, Defendant Darien Tye Corbett appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 20.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention, which it later withdrew at the initial appearance on March 21, 2019, and an Order Setting Conditions of Release was entered. (Dkt. 6, 7, 13.)

At the plea hearing before this Court, the Government did not present evidence concerning Defendant's detention, relying instead on the statutory presumption for detention found in 18 U.S.C. §§ 3142(f)(1)(C), 3143(a)(2) based on the charge to which the Defendant plead guilty. Defendant requested to remain on release subject to the conditions previously imposed arguing exceptional reasons exist that show his detention pending sentencing would not be appropriate. The defense argues, detention is not appropriate in this case because the Defendant is extremely unlikely to flee and poses no danger to society; Defendant's incarceration poses an extreme hardship to his girlfriend and their child with whom he lives and provides support; and the defense will argue for a sentence of probation.

The Court has considered each of the parties' positions, the record in this case, the

REPORT AND RECOMMENDATION - 2

Defendant's performance on pre-trial release so far, and the statutory requirements of 18 U.S.C. §§ 3142, 3143(a)(2), 3145(c). Having done so, and for the reasons stated at the plea hearing and herein, the Court finds exceptional reasons exist that show Defendant's detention pending sentencing would not be appropriate in this case. Namely, that the Defendant is unlikely to flee and does not pose a risk to society; the hardship to others if Defendant is detained; and the possibility of a minimal sentence or sentence of probation.

Defendant has been on pre-trial release since March 21, 2019 and in full compliance with the terms and conditions of his release which include: maintaining full-time employment, surrendering his passport, restricting his travel to the District of Idaho, not possessing any firearms or other dangerous weapons, abstaining from the use of alcohol, submitting to drug testing as directed, not using or possessing any controlled substance, and maintaining contract with pretrial services. The Release Status Report indicates Defendant's Probation Officer has no concerns at this time and recommends the Defendant's conditions of pretrial supervision remain unchanged. (Dkt. 21.)

Defendant maintains full-time employment and a stable residence with his long-time girlfriend and their child to whom he provides familial and financial support. The loss of Defendant's income and support would pose an extreme hardship on his family. Further, the Government has agreed to recommend a low-end sentence in the plea agreement and the Government withdrew its motion for detention, both of which are indicative of the fact that the Defendant is not a flight risk or danger to the community.

Upon consideration of the totality of the circumstances presented in this case,

including the conditions of release, the Defendant's full compliance with the terms of his release, the hardship that would be suffered by others if the Defendant were detained, the minimal possible sentence to be imposed, and having found the Defendant is exceptionally unlikely to flee or cause a danger to the community, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate in this case.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Darien Tye Corbett's plea of guilty to Count Three of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant Darien Tye Corbett's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 20).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts One and Two of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 13).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 3, 2019

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE